UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 10-4624(DSD/FLN)

Benjamin J. Lockhart,

             Plaintiff,

v.                                                    **ORDER**

CitiMortgage, Inc.,

             Defendant.


   Benjamin J. Lockhart, 2514 Thomas Avenue South, Minneapolis, MN 55405, pro se.

   Jared M. Goerlitz, Esq., Steven H. Bruns, Esq. and Peterson, Fram & Bergman, 55 East Fifth Street, Suite 800, St. Paul, MN 55101, counsel for defendant.


This matter is before the court upon the pro se motion to remand by plaintiff Benjamin J. Lockhart. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.


                           **BACKGROUND**

This dispute arises out of a mortgage from Lockhart to defendant CitiMortgage, Inc.[1] On October 1, 2010, Lockhart attempted to begin an action in Minnesota state court by mailing a summons, complaint and an acknowledgment of receipt of the summons

---

[1] Lockhart entered into the mortgage in October 2002 with PHH Mortgage. Servicing of Plaintiff's mortgage transferred from PHH Mortgage to CitiMortgage in 2008. See Compl. ¶ 15.

and complaint (acknowledgment form) to CitiMortgage by certified mail. See Notice of Removal Ex. A. CitiMortgage received the documents on October 4, 2010. On October 28, 2010, CitiMortgage signed the acknowledgment form. See id. Ex A, at 14. On November 16, 2010, CitiMortgage removed. In its notice of removal, CitiMortgage reserved the right to assert insufficient process or service of process. See id. ¶ 8. On November 23, 2010 CitiMortgage filed an answer. Lockhart moved to remand. The court now considers the motion.

## DISCUSSION

**I.   Removal**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citation omitted). The court must remand an action "at any time before final judgment [if] it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking federal jurisdiction bears the burden to show that it has met the jurisdictional prerequisites. See In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). "The district court [is] required to resolve all doubts about federal jurisdiction in favor of remand." Id.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place *where such action is pending.*"  28 U.S.C. § 1441(a) (emphasis added).  Under the plain language of § 1441, an action must have commenced in state court before it can be removed to federal court. See Hudelson v. Berkshire Life Ins. Co. of Am., No. 09-3220, 2010 WL 889962, at *1 (D. Minn. Mar. 8, 2010) (collecting cases); cf. Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005).  In Minnesota, a civil action is commenced (a) when the summons is served, or (b) at the date of acknowledgment of service if service is made by mail, or (c) when the summons is delivered to the sheriff in the county where the defendant resides for service. Minn. R. Civ. P. 3.01.

A party may remove an action within thirty days of service of the initial pleading.  28 U.S.C. § 1446(b).  Formal service according to state law must occur before the thirty-day removal period begins.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).  When, as here, a plaintiff attempts to serve a summons by mail, "[i]f acknowledgment of service ... is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be

3

ineffectual." Minn. R. Civ. P. 4.05. A defendant has 20 days to serve an answer, plus three additional days when service is by mail. See id. 6.01, 6.05, 12.01.

Minnesota courts require strict adherence to Rule 4.05, and despite actual notice by a defendant, a plaintiff must receive acknowledgment of service within 23 days in order to perfect service.[2] See, e.g., Turek v. A.S.P. of Moorhead, Inc., 618 N.W.2d 609, 612-13 (Minn. Ct. App. 2000); Coons v. St. Paul Cos., 486 N.W.2d 771, 776 (Minn. Ct. App. 1992); see also Gulley v. Mayo Found., 886 F.2d 161, 165 (8th Cir. 1989); Hudelson v. Berkshire Life Ins. Co. of Am., No. 09-3220, 2010 WL 889962, at *2 (D. Minn. Mar. 8, 2010).

**II. Remand**

Lockhart argues that the November 16 removal was untimely because the thirty-day removal period began on October 4, when CitiMortgage received the summons and complaint by certified mail. This argument is without merit. In Minnesota, actual notice by mail is not effective service; service by mail requires the acknowledgment of the defendant. Therefore, Lockhart's argument

---

[2] The commentary to the Minnesota rules recognizes the responsibility of a plaintiff to seek alternate service when a defendant refuses timely to acknowledge service. Minn. R. Civ. P. 4.05 advisory committee note. The 20 day period begins on the date of mailing the summons and complaint. See Gulley, 886 F.2d at 165; Turek, 618 N.W.2d at 612.

4

fails, and remand is not warranted on this basis. Remand is necessary, however, because no action commenced — and service was not waived — before removal.

### A.   Commencement Under Minnesota Law

The removal period under § 1446 does not begin until service is complete, or is waived. See Murphy Bros., Inc., 526 U.S. at 351, 356; see also MW AG, Inc. v. New Hampshire Ins. Co., 107 F.3d 644, 647 (8th Cir. 1997) (finding action commences on date of waiver where service is ineffective); Hudelson, 2010 WL 2133852 at *1. For service by mail to be effective, Lockhart had to receive CitiMortgage's acknowledgment by October 25. See Minn. R. Civ. P. 6.01, 6.05, 12.01. CitiMortgage did not send the acknowledgment form until October 28, 2010. As a result, service was never perfected, and the action did not commence before removal.

### B.   Waiver of Service

CitiMortgage argues that it waived service by acknowledging service, and that the removal clock therefore commenced on October 28, 2010. Minnesota courts have rejected this argument. See Turek v. A.S.P. of Moorhead, Inc., 618 N.W.2d 609, 612–13 (Minn. Ct. App. 2000). CitiMortgage's untimely acknowledgment of service does not constitute waiver of service. Id. Moreover, the November 16, 2010, notice of removal expressly retained the right to contest service. As a result, CitiMortgage did not waive service until it

5

filed the answer and affirmatively placed itself within the jurisdiction of the court on November 23, 2010.  See Fed. R. Civ. P. Rule 12(h)(1)(B)(ii); Turek, 618 N.W.2d at 612.  Therefore, removal on November 16 was premature, and remand is warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion to remand [ECF 6] is granted, and this matter is remanded to the Fourth Judicial District of the State of Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 10, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court
